FILI
2ND JUDICIAL DISTRICT COU
Bernalillo Cou
8/20/2024 2:33
KATINA WATS
CLERK OF THE COL
Alyssa Ga

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

KARIE RODRIGUEZ,

        Plaintiff,

v.                           Cause No. D-202-CV-2024-06706

ANGIODYNAMICS, INC., a foreign
Corporation, PRESBYTERIAN
HEALTHCARE SERVICES, INC, a New
Mexico Corporation, and ENRIQUE
BURSZTYN

## COMPLAINT FOR PRODUCTS LIABILITY AND MEDICAL MALPRACTICE

COMES NOW, the Plaintiff, by and through her attorneys, Smith Templeman Law Firm, LLC (Roger I. Smith and Christopher J. Templeman), and for her Complaint for Products Liability and Medical Malpractice states as follows:

### GENERAL ALLEGATIONS

1. Karie Rodriguez ("Plaintiff") is a resident of Melrose, Curry County, New Mexico.

2. Angiodynamics, Inc., ("Angiodynamics") is, upon information and belief, a Delaware Corporation with its principal place of business located in New York. Angiodymanics does business in New Mexico by selling its medical devices in New Mexico and is a transient corporation with no registered agent for service of process.

3. Presbyterian Healthcare Services, Inc. ('PHS') is a New Mexico corporation with its registered agent for service of process located in Espanola, Rio Arriba County, New Mexico.

4. Enrique Bursztyn ("Bursztyn") is, upon information and belief, a resident of Albuquerque, Bernalillo County, New Mexico.

EXHIBIT
**A**

5.      The events and transactions giving rise to this cause of action occurred in Clovis, Curry County, New Mexico.

6.      Jurisdiction and Venue are proper before this Court.

7.      At all times material, Angiodynamics was a manufacturer and distributor of a product called Smart Port, which was a medical device that was a Port-a-Cath that was placed in patients to facilitate periodic venous infusions.

8.      During the time period from November 18, 2021, through January 30, 2023, Plaintiff required monthly venous infusions for treatment of her rheumatoid arthritis.

9.      On November 18, 2021, Plaintiff had a Smart Port, which was manufactured and distributed by Angiodynamics, placed in her right chest area to facilitate periodic venous infusions to treat her arthritis.

10.     By January of 2023, Plaintiff's providers were experiencing difficulties giving Plaintiff her infusions using the Smart Port, so her physician recommended putting in a new Port-A-Cath at a different location.

11.     In preparation for placement of the new port and removal of the Smart Port, Plaintiff was given an X-ray on January 26, 2023, that was read by Defendant Bursztyn.

12.     Defendant failed in reading the aforementioned X-Ray to notice that the Smart Port that was previously installed was fractured.

13.     On January 30, 2023, Plaintiff underwent a surgical procedure wherein the surgeon placed a new Port-A-Cath on the left side of Plaintiff's chest, and then began to remove the Smart Port that was on the right side of Plaintiff's chest.

2

14.     When the doctor removed the Smart Port from the right side of Plaintiff's chest, she discovered that the Smart Port was fractured, had a jagged edge, and that approximately two-thirds (2/3) of the device was missing.

15.     A later CT scan revealed that a missing part of the Smart Port was in Plaintiff's venous system, so she was prepared for transfer to a facility in Amarillo, Texas for an emergency procedure to remove the foreign object from her venous system.

## COUNT I
## NEGLIGENCE AS TO ALL DEFENDANTS

16.     Plaintiff realleges the allegations contained in paragraphs 1 through 15 as though the same were fully restated herein.

17.     Defendant Bursztyn had a duty to abide by the standard of care of a similarly trained and situated professional in the taking and reading of the X-ray of Plaintiff's chest on January 26, 2024.

18.     Defendant Bursztyn breached his duty, and his reading of the aforementioned X-ray was negligent, and his performance fell below the applicable standard of care in that he failed to apply the caution and effort to appreciate that the Port-A-Cath in Plaintiff's chest was fractured.

19.     As a direct and proximate result of Defendant Bursztyn's negligence, Plaintiff's surgeon went forward with procedure to put in a new Port-A-Cath and remove the old Port-A-Cath without knowing that the old Port-A-Cath was fractured and that the planed procedure would cause a danger of the fractured portion of the device being released into Plaintiff's venous system, significantly endangering her life.

20.    As a result thereof, Plaintiff required transport to Amarillo, and a painful and dangerous emergency surgery that would not have been required had her X-ray been properly read.

21.    Defendant Bursztyn was, upon information and belief, an employee or agent of Defendant Presbyterian, so Defendant Presbyterian is liable for Plaintiff's damages under agency theory or the doctrine of *respondeat superior.*

22.    Defendant Presbyterian also breached its duty to exercise reasonable care in the credentialling of Defendant Bursztyn, and it is liable for the damages to Plaintiff because of its negligence.

23.    Defendant Angiodynamics owed a duty to exercise reasonable care in the manufacture and distribution of its Smart Port product so as to avoid endangering those who had them placed in them.

24.    Defendant Angiodynamics breached its duty of care and negligently manufactured the Smart Port product that was placed in Plaintiff, which negligence included, but was not limited to manufacturing and distributing an unreasonably dangerous product.

25.    Plaintiff suffered damages as a result of the negligence of Defendants, which damages include, but are not limited to medical expenses associated with one failed surgery, and emergency transport and emergency treatment resulting from the missing piece of the port being in her venous system, pain and suffering and psychological and emotional distress because of the danger posed by the piece of the port in her venous system.

## COUNT II
## STRICT LIABILITY AGAINST DEFENDANT ANGIODYNAMICS

26.    Plaintiff realleges the allegations contained in paragraphs 1 through 25 as though the same were fully restated herein.

27.    Defendant Angiodynamics was the manufacturer and the supplier of the Cath-A-Port that was placed in Plaintiff's chest on November 18, 2021.

28.    The Cath-A-Port was defective when it was put into the stream of commerce in that it was defectively manufactured, and it was defectively designed to suit the purpose for which it was intended for use.

29.    As a proximate and direct result of the defects to the product, the Cath-A-Port fractured and a piece of it was loosed into Plaintiff's venous system.

30.    Plaintiff was damaged, which damages include, but are not limited to medical expenses associated with one failed surgery, and emergency transport and emergency treatment resulting from the missing piece of the port being in her venous system, pain and suffering and psychological and emotional distress because of the danger posed by the piece of the port in her venous system.

**COUNT III**
**BREACH OF WARRANTY OF MERCHANTABILITY**
**AGAINST DEFENDANT ANGIODYNAMICS**

31.    Plaintiff realleges the allegations contained in paragraphs 1 through 30 as though the same were fully restated herein.

32.    By selling it Cath-A-Port product to Plaintiff, Defendant Angiodynamics impliedly warranted that the product would perform properly for its intended purpose.

33.    Angiodynamics breached its warranty of merchantability because its product did not function for its intended purpose.

34.    The product was unfit for its intended purpose because it was not constructed in a way such that it would withstand the forces placed upon it for a reasonable length of time without fracturing and endangering the patients in whom it was placed.

5

35.    As a result of Defendant Angiodynamics breach of warranty of merchantability, Plaintiff suffered damages including emotional distress, pain and suffering and additional medical expenses.

## COUNT IV
## BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY DEFENDANT ANGIODYNAMICS

36.    Plaintiff realleges the allegations contained in paragraphs 1 through 35 as though the same were fully restated herein.

37.    In the sale of the Cath-A-Port Defendant Angiodynamics impliedly warranted that its product was fit for the particular purpose for which Plaintiff intended to use it, to wit: being a Cath-A-Port to be inserted in the right infraclavicular region to facilitate infusion therapy for her rheumatoid arthritis.

38.    The product sold by Defendant Angiodynamics was not fit for the purpose intended in that it was not constructed in a way that would allow it to withstand the forces placed upon it for a reasonable period of time without fracturing.

39.    The Angiodynamics product did, in fact, fracture prematurely causing Plaintiff to suffer emotional distress, pain and suffering and additional medical expenses.

## COUNT V
## BREACH OF EXPRESS WARRANTY BY DEFENDANT ANGIODYNAMICS

40.    Plaintiff realleges the allegations contained in paragraphs 1 through 39 as though the same were fully restated herein.

41.    Defendant expressly warranted that its product was safe for placement in the infraclavicular region for patients needing frequent venous infusion therapy.

6

42.     The product was not safe for such placement and use, and it fractured after being so placed after a short period of time contrary to the warranties provided by Defendant Angiodynamics.

43.     As a result of Defendant Angiodynamics' breach of warranty, Plaintiff suffer emotion distress, pain and suffering and additional medical expenses.

**COUNT VI**
**VIOLATIONS OF THE NEW MEXICO UNFAIR PRACTICES ACT AS TO ANGIODYNAMICS**

44.     Plaintiff realleges the allegations contained in paragraphs 1 through 43 as though the same were fully restated herein.

45.     Defendant Angiodynamics' acts and omissions occurred within the regular course of its trade.

46.     Defendant Angiodynamics' acts and omissions constitute unfair trade practices within the meaning of the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et seq.* ("UPA"), including NMSA 1978 § 57-12-2(D) & (E).

47.     Defendant Angiodynamics willfully engaged in these unlawful trade practices.

48.     Plaintiff is entitled to recover actual or statutory damages, trebled, plus attorney fees and costs from Defendant Angiodynamics.

WHEREFORE, Plaintiff prays this Court award judgment in her favor and against the Defendants awarding compensatory damages in an amount to be proven at trial, award treble damages and attorney fees for Unfair Trade Practices, and award costs, interest, and such other and further relief as this Court deems just and proper.

Respectfully submitted:

SMITH TEMPLEMAN LAW FIRM, LLC

/s/ *Roger I. Smith*
Roger I. Smith
Christopher J. Templeman
1306B Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 433-1583
(505) 393-1778 Fax
roger@smithtempleman.com
chris@smithtempleman.com
Attorneys for Plaintiff

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
8/20/2024 2:33 PM
KATINA WATSON
CLERK OF THE COURT
Alyssa Garza

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**KARIE RODRIGUEZ,**

        **Plaintiff,**

v.                                                                 Cause No. D-202-CV-2024-06706

**ANGIODYNAMICS, INC., a foreign**
**Corporation, PRESBYTERIAN**
**HEALTHCARE SERVICES, INC, a New**
**Mexico Corporation, and ENRIQUE**
**BURSZTYN**

## CERTIFICATION REGARDING ARBITRATION UNDER RULE LR2-603

Plaintiff, by and through his attorneys, Smith Templeman Law Firm, LLC, certifies that:

_____ This case is subject to referral to arbitration under Local Rule LR2-603.  No party seeks relief other than a money judgment and the amount sought does not exceed $50,000 exclusive of punitive damages, interest, costs and attorneys' fees.

__X__ This case is not subject to referral to arbitration under Local Rule 603 because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $50,000, inclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

        **SMITH TEMPLEMAN LAW FIRM, LLC**

        By: */s/ Roger I. Smith*
        Roger I. Smith
        Chistopher J. Templeman
        1306B Rio Grande Blvd. NW
        Albuquerque, NM 87104
        Telephone:   (505) 433-1583
        Facsimile:   (505) 393-1778
        roger@smithtempleman.com
        chris@smithtempleman.com
        Attorneys for Plaintiff